UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:_____

-----------------------------------------------------------X
SAGAAN DEVELOPMENTS AND
TRADING LTD.,

          Plaintiff,

  -against-

QUAIL CRUISES SHIP MANAGEMENT
a/k/a HAPPY CRUISES, S.A., JEWEL OWNER
LTD., and INTERNATIONAL SHIPPING
PARTNERS,

          Defendants.
-----------------------------------------------------------X

**VERIFIED COMPLAINT**

ADMIRALTY

Plaintiff SAGAAN DEVELOPMENTS AND TRADING LTD., ("SAGAAN"), by its undersigned counsel, as and for its Verified Complaint against the Defendants, QUAIL CRUISES SHIP MANAGEMENT a/k/a HAPPY CRUISES, S.A. ("QUAIL"), JEWEL OWNER LTD. ("JEWEL") and INTERNATIONAL SHIPPING PARTNERS ("ISP") (collectively "Defendants"), upon information and belief alleges as follows:

**I. JURISDICTION AND VENUE**

1. This is a suit for unpaid bunkers pursuant to an agreement between SAGAAN and Defendants and comprises an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

1

2. Pursuant to the agreement between the parties, suits for collection are to be resolved in any jurisdiction considered necessary to "enforce, safeguard or secure the rights of the seller," SAGAAN.

3. Venue is proper because the Defendants' places of business and/or regular contacts are located within the Southern District of Florida, specifically Miami, Florida.

## II. PARTIES

4. At all times material hereto, Plaintiff SAGAAN was and still is a foreign business entity duly organized and existing under the laws of the British Virgin Islands.

5. Defendant QUAIL was and still is a Bahamian business entity with a principal place of business at $2^{\underline{a}}$ Planta, Calle Calereuga 79 28033 Madrid, Spain. QUAIL has meaningful and regular contact with the jurisdiction and regularly transacts business within the state of Florida. Moreover, QUAIL has purposefully availed itself of the rights and protections of Florida and that case is presently pending before Judge Huck at Case No.: 09-23248.

6. Defendant JEWEL, upon information and belief, was and still is a foreign business entity doing business in the state of Florida and has a principal place of business at 4770 Biscayne Blvd., Penthouse A, Miami, Florida, 33137.

7. At all times material hereto, Defendant ISP was and still is a domestic business entity, with a principal place of business at 4770 Biscayne Blvd., Penthouse A, Miami, Florida 33137.

## III. FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

8. SAGAAN was the supplier of bunkers to the Vessel M/V GEMINI and brings this action in order to recover amounts due and owing by Defendants.

9. Upon information and belief, at all material times, Defendant QUAIL was the charterer of the Vessel M/V GEMINI, Defendant JEWEL was the owner and/or operator of the Vessel and Defendant ISP was the technical manager of the Defendant Vessel.

10. On or about August 17, 2011, QUAIL, on behalf of the MV GEMINI, entered into a Contract of Sale, whereby SAGAAN agreed to provide certain bunkers, including *inter alia,* fuel oil and marine gas, to the vessel. The bunker confirmation expressly stated that the bunkers were "for account of Master and/or Owners and/or Charters [sic] and/or Operators and/or Managing Agents and/or HAPPY CRUISES, S.A. Panama c/o HAPPY CRUISES, S.A. Madrid." *A copy of the bunker order and confirmation is attached hereto as Exhibit 1.*

11. In accordance with the parties' agreement, on August 29, 2011, SAGAAN delivered 350.00 mts of IFO 380 (at a rate of USD 595.00 pmt) and 45.00 mts of MGO Dma (at a rate of USD 870.00 pmt) to the Vessel at the Port of St. Petersburg, Russia. *A copy of the August 29, 2011 bunker delivery receipt is attached as Exhibit 2.*

12. Pursuant to the parties' agreement, on September 13, 2011, SAGAAN delivered 400.00 mts of IFO 380 LS (at a rate of USD 555.00) and 50.00 mts of MGO Dma (at a rate of USD 832.00) to the Vessel at the Port of St. Petersburg, Russia. *A copy of the September 13, 2011 bunker delivery receipt is attached as Exhibit 3.*

13. On or about September 12, 2011, SAGAAN issued its Invoice 11-T-115 in the sum of USD 247,400.00 for bunkers delivered on August 29, 2011. Pursuant to the parties' agreement, payment was due within thirty (30) days from date of delivery (*i.e.* - September 28, 2011). *A copy of SAGAAN's invoice is attached as Exhibit 4.*

14. On or about September 15, 2011, SAGAAN issued its Invoice 11-T-118 in the sum of USD 263,600.00 for bunkers delivered on September 13, 2011. Pursuant to the parties'

3

agreement, payment was due thirty (30) days from date of delivery (*i.e.* - October 13, 2011). *A copy of SAGAAN's invoice is attached as Exhibit 5*.

15. Under the terms of the parties' agreement, Defendants owe the following amounts for the bunkers delivered to the M/V GEMINI:

| | |
|---|---|
| A. 350.00 mt IFO 380 at 595.00 p/mt | 208,250.00 |
| B. 45.00 mt MGO at 870.00 p/mt | 39,150.00 |
| C. 400.00 mt IFO 380 LS at 555.00 p/mt | 222,000.00 |
| D. 50.00 mt MGO at 832.00 p/mt | 41,600.00 |
| **D. TOTAL:** | **$511,000.00** |

16. Pursuant to the August 17, 2011 sales agreement, Defendants contracted to remit payment within thirty (30) days of delivery of the bunkers and to be bound by the supplier's General Terms and Conditions of Sale. *A copy of the General Terms and Conditions of Sale is attached hereto as Exhibit 6. See also* Exhibit 1

17. The relevant clause(s) concerning payment under the General Terms and Conditions of Sale provides *inter alia*:

> **PAYMENT**
>
> 6.2. Payment(s) shal [sic] be made in US Dollars nett [sic] of all transfer charges, which shall be for Buyer's account.
>
> 6.3. If the Buyer has made credit arrangements with the Seller, payment must be made to the Seller not later than midday on the day fixed by the Seller for payment. The Buyer agrees that in event of any failure to pay on time interest compounded at the rate of 2.0 per cent per month or any part of a month from the date fixed for payment to the date payment is actually received by the Seller shall accrue on the amount due to the Seller in respect of the Marine Fuels delivered and shall be paid by the Buyer.

18. Defendants have breached the agreement with Plaintiff by taking delivery of the bunkers and failing to remit payment within thirty (30) days of receipt of the bunkers. *See* Exhibit 1 & Exhibit 6.

19. Pursuant to the agreement between Plaintiff and Defendants, it is agreed that Plaintiff, as Seller, may proceed against Defendants, as Buyer, in any jurisdiction deemed "necessary to enforce, safeguard or secure its rights." *See* Exhibit 6.

20. Despite due demand from Plaintiff, the Defendants have failed, neglected, and/or otherwise refused to pay the outstanding balance due and owing. The willful and/or negligent failure to pay **USD 511,000.00** for the bunkers delivered to the M/V GEMINI is a breach of the agreement to pay by Defendants.

## IV. SECOND CAUSE OF ACTION
## ACCOUNT STATED

21. SAGAAN hereby repeats and incorporates the allegations contained in paragraphs "1" through "20" above as if set forth herein.

22. On or about September 12, 2011, SAGAAN issued its Invoice 11-T-115 to Defendants for the total amount due and owing in connection with the bunkers supplied to the Vessel at the Port of St. Petersburg, Russia on August 29, 2011. *See* Exhibit 4.

23. On or about September 15, 2011, SAGAAN issued its Invoice 11-T-118 to Defendants for the total amount due and owing in connection with the bunkers supplied to the Vessel at the Port of St. Petersburg, Russia on September 13, 2011. *See* Exhibit 5.

24. Defendants retained the Invoices without objection or challenge.

25. More than a reasonable amount of time has elapsed, however the amount due and owing remains outstanding.

26.     Accordingly, SAGAAN is entitled to judgment for the outstanding amount of **USD 511,000.00**.

## V. THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT/QUANTUM MERUIT

27.     SAGAAN hereby repeats and incorporates the allegations contained in paragraphs "1" through "26" above as if set forth herein.

28.     At the request of Defendants, Plaintiff SAGAAN undertook to provide necessary maritime services to Defendants' Vessel, the M/V GEMINI, by providing bunkers at the Port of St. Petersburg, Russia.

29.     Despite demands for payment for its services, an outstanding balance of USD 511,000.00 remains due and owing to Plaintiff SAGAAN.

30.     Defendants, QUAIL, JEWEL, and ISP have inequitably benefited from their neglect, failure, and/or refusal to pay SAGAAN the outstanding amount due and owing for the service provided by SAGAAN at the request of, and for the benefit of, Defendants.

31.     Defendants have unjustly received and retained the benefit of the services rendered by SAGAAN.

32.     Equity and good conscience require Defendants to pay Plaintiff damages in the amount of **USD 511,000.00**, which SAGAAN has incurred and sustained for the benefit of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SAGAAN DEVELOPMENTS AND TRADING LTD., prays:

A.      That judgment may be entered in favor of Plaintiff on its causes of action for USD $511,000.00, and interest thereon at the legal rate against Defendants and/or for any other and further amount that later calculation may prove to be appropriate;

   B. That decree be entered in favor of Plaintiff and against Defendants for the total amount of Plaintiff's damages, together with interest, costs and attorneys' fees, including the fees incurred herein; and

   C. That Plaintiff has such other and further and different relief as this Honorable Court may deem just and proper under the circumstances.

Date: October 26, 2011        Respectfully Submitted,
    Miami, Florida

                 **MOORE & COMPANY, P.A.**

                 Attorneys for Plaintiff,
                 SAGAAN DEVELOPMENTS
                 AND TRADING LTD.

            By: **/s/ Scott Wagner**

                 Scott Wagner, Esq.
                 Fla. Bar No. 10244
                 355 Alhambra Circle, Suite 1100
                 Coral Gables, FL 33134
                 Telephone: (786) 221-0600
                 Facsimile: (786) 221-0601
                 Email: swagner@moore-and-co.com

OF COUNSEL:

CHALOS & CO, P.C.

George M. Chalos (*pro hac vice application forthcoming*)
123 South Street, Ste. 105
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:_____

-----------------------------------------------------------X
SAGAAN DEVELOPMENTS AND
TRADING LTD.,

        Plaintiff,

  -against-

QUAIL CRUISES SHIP MANAGEMENT
a/k/a HAPPY CRUISES, S.A., JEWEL OWNER
LTD., and INTERNATIONAL SHIPPING
PARTNERS,

        Defendants.
-----------------------------------------------------------X

**VERIFICATION OF COMPLAINT**

ADMIRALTY

      Pursuant to 28 U.S.C. §1746, Scott Wagner, Esq., declares under the penalty of perjury:

      1.    I am a Member of the law firm of MOORE & COMPANY, P.A., counsel for the Plaintiff, SAGAAN DEVELOPMENTS AND TRADING LTD., herein;

      2.    I have read the foregoing Verified Complaint and know the contents thereof; and

      3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters, attorneys, and discussions with co-counsel in this matter CHALOS & CO, P.C.

      4.    The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

      I declare under penalty of perjury that the foregoing is true and correct.

1

Date:   October 26, 2011
        Miami, Florida

Respectfully Submitted,

**MOORE & COMPANY, P.A.**

Attorneys for Plaintiff,
SAGAAN DEVELOPMENTS
AND TRADING LTD.

By:   **/s/ Scott Wagner**

Scott Wagner, Esq.
Fla. Bar No. 10244
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: swagner@moore-and-co.com

OF COUNSEL:

CHALOS & CO, P.C.

George M. Chalos (*pro hac vice application forthcoming*)
123 South Street, Ste. 105
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com

2